IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANG LO, a.k.a. JOHNNY YANG, | CASE NO. CV F 02-6087 LJO JMD (HC) |
| Petitioner, | **ORDER TO: (1) ADOPT FINDINGS AND RECOMMENDATIONS; (2) DENY HABEAS PETITION; AND (3) DECLINE CERTIFICATE OF APPEALABILITY** |
| vs. | |
| ANTHONY LaMARQUE, Warden, | (Doc. 20.) |
| Respondent. | |

Petitioner is a state prisoner and proceeds pro se with a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action was referred to a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

The magistrate judge issued July 24, 2007 findings and recommendations to deny the petition for writ of habeas corpus and to enter judgment. Petitioner filed no timely objections to the findings and recommendations.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. After evaluating the record, this Court finds that the magistrate judge's July 24, 2007 findings and recommendations are supported by the record and proper analysis and that there is no need to modify the findings and recommendations.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v.*

*Cockrell*, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>  (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, this Court DECLINES to issue a certificate of appealability.

Accordingly, this Court:

1. ADOPTS in full the magistrate judge's July 24, 2007 findings and recommendations;

2. DENIES with prejudice the petition for writ of habeas corpus;

3. DECLINES to issue a certificate of appealability; and

4. DIRECTS the clerk to enter judgment in favor of respondent Anthony LaMarque and against petitioner Yang Lo, a.k.a. Johnny Yang, and to close this action.

IT IS SO ORDERED.

Dated:   **December 7, 2007**          /s/ **Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE